NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHEVRON U.S.A. INC., | No. 21-71132 |
| Petitioner, | |
| v. | MEMORANDUM* |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent. | |

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted August 17, 2023
Anchorage, Alaska

Before: MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

Chevron U.S.A. Inc. petitions for review of an April 2021 letter from the

Environmental Protection Agency ("EPA") to Chevron regarding section 328 of

the Clean Air Act, 42 U.S.C. § 7627, and its implementing regulations, 40 C.F.R.

pt. 55. In the April letter, which superseded a January 2021 letter, EPA stated that

Chevron may be subject to the Clean Air Act when decommissioning oil and gas

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

drilling platforms located on the Outer Continental Shelf ("OCS"), even after Chevron plugs the wells and removes all emission-generating equipment from the platforms ("Abandonment"), depending on any additional activity that Chevron conducts at the platform sites. Because the April letter was not final agency action, however, we lack jurisdiction to review any conclusions that EPA expressed in it. *See* 42 U.S.C. § 7607(b); *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 571 (9th Cir. 2019). We therefore dismiss the petition.

Agency action is generally final when it (1) "mark[s] the consummation of the agency's decisionmaking process" and (2) is action "by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)).

1. Chevron contends that the April letter was final agency action "because it repealed the January Letter, which was itself final action." We assume for the sake of argument that the January letter was final agency action because in that letter EPA determined that it and the Ventura County Air Pollution Control District ("APCD") would lack jurisdiction under the Clean Air Act to regulate Chevron's post-Abandonment decommissioning activity. *See Navajo Nation v. U.S. Dep't of the Interior*, 819 F.3d 1084, 1091 (9th Cir. 2016). But it does not follow that the April letter was also final action just because it superseded the January letter.

21-71132

While the January letter might have given Chevron an estoppel defense if EPA had brought an enforcement proceeding while the letter was in effect, *see Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 596 n.12 (9th Cir. 2008), it contained no legally enforceable promise that EPA would not change its position. *Cf. Hawkes*, 578 U.S. at 598 (explaining that by regulation and agreement, an Army Corps of Engineers determination that a property does not contain waters of the United States prohibits the government from initiating enforcement proceedings under the Clean Water Act against the property owner for five years). Indeed, it is "common" for agencies to revise their conclusions. *Id.* Therefore, by superseding the January letter, EPA did not determine any rights or obligations or impose any legal consequences; it merely returned Chevron to a state of regulatory uncertainty.

2.   Chevron also contends that "the April Letter standing alone satisfies both *Bennett* requirements." As to the first requirement, we assume for the sake of argument that the April letter marked the consummation of EPA's decisionmaking process regarding EPA's two conclusions at issue here: that "additional activity conducted at the site or equipment used to dismantle the Platforms . . . may be classified as an 'OCS source' under certain conditions" (the "jurisdictional conclusion"); and that the Ventura County APCD "is the appropriate authority" to determine whether a permit is needed after considering "detailed information . . .

about Chevron's proposed decommissioning activities" and "consult[ing] with [EPA]" (the "delegation conclusion").

As to the second *Bennett* requirement, EPA's jurisdictional conclusion did not determine any rights or obligations or impose any legal consequences because it remains unsettled whether Chevron's later-stage decommissioning activity will be subject to section 328 and require a permit. Although EPA "encourage[d]" Chevron to provide information to the Ventura County APCD, Chevron has no obligation to do so or even to seek further agency guidance regarding when it will no longer need permits. And it remains uncertain whether Chevron's site-specific plans will require permits for the equipment and activity. EPA's jurisdictional conclusion is thus analogous to a preliminary jurisdictional determination under the Clean Water Act, which "merely advise[s] a property owner 'that there *may* be waters of the United States on a parcel'" and does not constitute final agency action. *Hawkes*, 578 U.S. at 595 (quoting 33 C.F.R. § 331.2).

EPA's delegation conclusion did not "fix *some* legal relationship as a consummation of the administrative process." *Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 987 (9th Cir. 2006) (quoting *Ukiah Valley Med. Ctr. v. FTC*, 911 F.2d 261, 264 (9th Cir. 1990)). Although an agency's change in delegation policy can be a final, appealable decision, *see Assiniboine & Sioux Tribes of Fort Peck Indian Rsrv. v. Bd. of Oil & Gas Conservation*, 792 F.2d 782, 789–90 (9th

Cir. 1986), EPA's restatement of its delegation policy lacks finality. The April letter did not alter the existing 1994 delegation agreement between EPA and the Ventura County APCD. EPA merely explained that under that agreement, the Ventura County APCD makes permitting decisions after consulting with EPA about how to interpret section 328 and its regulations. *See S.F. Herring Ass'n*, 946 F.3d at 581 (acknowledging that "opinions restating the law" do not satisfy the second *Bennett* requirement).

**DISMISSED.**